**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048** |
| | **Chapter 7** |
| **PMC MARKETING CORP** | |
| **Debtor(s)** | **FILED & ENTERED ON 10/1/2013** |

## OPINION & ORDER

Before the court is Creditor P.R. Electric Power Authority's ("PREPA") Motion to Alter or Amend Judgment [Dkt. No. 1181] and Trustee's Opposition to Creditor's Motion for Reconsideration [Dkt. No. 1184]. For the reasons stated herein, PREPA's Motion to Alter or Amend Judgment is hereby DENIED.

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013).

Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538

F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.") Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the court. See e.g., Waye v. First Citizen's National Bank, 846 F.Supp.310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp.1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy

litigant one additional chance to sway the judge." <u>Durkin v. Taylor</u>, 444 F.Supp.879, 889 (E.D.Va.1977).

PREPA's Motion neither provides this Court with genuine reasons why the court should revisit its prior Order nor compelling facts or law in support of reversing the prior decision. Rather, PREPA misconstrues the basis of the actions taken by the court. Further, PREPA contends that this Court erred in its previous determination of energy as a service rather than a good by mirroring previous arguments already considered by this Court.

After considering arguments from both parties, this Court finds that Plaintiff does not present this Court with adequate reasoning to justify good cause nor a special circumstance in demonstrating that the court's previous reasoning constituted a manifest error of law. Further, Plaintiff fails to present newly discovered evidence nor any intervening change in law. This Court emphasizes the following as laid out in the original Opinion & Order:

> Section 503(b)(9), which was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), allows creditors to receive priority claims for the value of goods received by a debtor in the ordinary course of the debtor's business within the twenty (20) days preceding the commencement of the bankruptcy case. 11 U.S.C. § 503(b)(9).**Thus, to qualify for administrative priority treatment, a claim must be: (1) for goods, (2) that are received by the debtor within the twenty (20) days prior to the bankruptcy filing, and (3) that are sold to the debtor in the ordinary course of its business. It is well settled that only "goods" are eligible for this priority treatment, not "services."** In this instant case, there is no dispute that PREPA provided electricity to Debtor within the twenty (20) day period preceding the bankruptcy filing, and that the Debtor purchased that electricity in the ordinary course of its business. Thus, the only issue is whether the electricity provided by PREPA falls within the definition of "goods" for purposes of section 503(b)(9).

<u>In re PMC Mktg. Corp.</u>, 09-02048, 2013 WL 4735736 (Bankr. D.P.R. Sept. 4, 2013). In the Motion presently before the court, PREPA merely rehashes old arguments disputing the law previously cited by this Court. This behavior should be deterred and does not warrant reconsideration by the court.

Rather, this behavior is the reason why courts have stressed the importance of judicial economy. See e.g., In re Efron, 495 B.R. 166, 180 (Bankr. D.P.R. 2013) (quoting In re Aledria Corp., 10–12310 BKT, 2013 WL 1619998 (Bankr.D.P.R. Apr. 15, 2013).

WHEREFORE, IT IS ORDERED that PREPA's Motion to Alter or Amend Judgment be, and it hereby is, DENIED.

SO ORDERED

San Juan, Puerto Rico, this 1st day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge